**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
dguerra@bursor.com
sbogdanovich@bursor.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNA BUCHHOLZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEAN RX, INC., META PLATFORMS, INC., and GOOGLE LLC,<br><br>Defendants. | Case No. 5:26-cv-00846-EJD<br><br>**PLAINTIFF'S OPPOSITION TO LEANRX'S MOTION TO DISMISS**<br><br>Hearing: July 9, 2026<br>Time: 9:00 a.m.<br>Location: Courtroom 4—5th Floor<br>Judge: Hon. Edward J. Davila |

# TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiff States a Claim Under the Electronic Communications Privacy Act .......... 2

B. Plaintiff Has Article III Standing to Bring Claims Under CIPA .......... 4

C. Plaintiff States a Claim for Violation of CIPA § 631 .......... 5

D. Plaintiff States a Claim for Violation of CIPA § 632 .......... 8

E. Plaintiffs State a Claim for Violation of the CDAFA .......... 11

F. Plaintiff States a Claim for Invasion of Privacy .......... 13

III. CONCLUSION .......... 14

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) .......... 4

*B.N. v. Oregon Reprod. Med., LLC*,
2026 WL 915343 (D. Or. Apr. 3, 2026) .......... 4

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) .......... 12

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) .......... 9, 11

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) .......... 10

*Castillo v. Costco Wholesale Corp.*,
2024 WL 4785136 (W.D. Wash. Nov. 14, 2024) .......... 3

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) .......... 7

*Doe v. Beard*,
63 F. Supp. 3d 1159 (C.D. Cal. 2014) .......... 13

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 5, 6

*Doe v. GoodRx Holdings, Inc.*,
2025 WL 2052302 (N.D. Cal. July 22, 2025) .......... 1, 10

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .......... 8

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) .......... 3

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) .......... 11

*Esparza v. UAG Escondido A1 Inc.*,
2024 WL 559241 (S.D. Cal. Feb. 12, 2024) .......... 6

*Flanagan v. Flanagan*,
41 P. 3d 575 (Cal. 2002) .......... 9

*Frasco v. Flo Health, Inc.*,
2025 WL 1476905 (N.D. Cal. May 22, 2025)........ 6

*Graham v. Noom*,
533 F. Supp. 3d 823 (N.D. Cal. 2021)........ 6, 7

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023)........ 11, 12

*Heerde v. Learfield Commc'ns, LLC*,
741 F. Supp. 3d 849 (C.D. Cal. 2024)........ 6

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015)........ 12

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)........ 13

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019)........ 8

*In re Google Location Hist. Litig.*,
514 F. Supp. 3d 1147 (N.D. Cal. 2021)........ 13

*In re Google RTB Consumer Priv. Litig.*,
606 F.Supp.3d 935 (N.D. Cal. 2022)........ 13

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)........ passim

*Jackson v. LinkedIn Corp.*,
744 F. Supp. 3d 986 (N.D. Cal. 2024)........ 7

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023)........ 7

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023)........ 7

*Katz-Lacabe v. Oracle America, Inc.*,
2024 WL 1471299 (N.D. Cal. Apr. 3, 2024)........ 4

*Krzyzek v. OpenX Techs., Inc.*,
817 F. Supp. 3d 857 (N.D. Cal. 2026)........ 3

*L.B. v. LinkedIn Corp.*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025)........ passim

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021)........ 13

*Norman-Bloodsaw v. Lawrence Berkeley Lab'y*,
135 F.3d 1260 (9th Cir. 1998) .......... 1, 10

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) .......... 4

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) .......... 3

*R.S. v. Prime Healthcare Servs., Inc.*,
2025 WL 103488 (C.D. Cal. Jan. 13, 2025) .......... 3

*Ramirez v. LasikMD USA, Inc.*,
2026 WL 194855 (S.D. Cal. Jan. 26, 2026) .......... 3, 5

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 10

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) .......... 6

*Rodriguez v. Google LLC*,
772 F. Supp. 3d 1093 (N.D. Cal. 2025) .......... 12

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 4

*Smith v. Google, LLC*,
735 F. Supp. 3d 1188 (N.D. Cal. 2024) .......... 9, 10

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) .......... 11

*Sussman v. Am. Broad. Companies, Inc.*,
186 F.3d 1200 (9th Cir. 1999) .......... 4

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .......... 7, 10

*Tate v. VITAS Healthcare Corp.*,
762 F. Supp. 3d 949 (E.D. Cal. 2025) .......... 9

*Taylor v. ConverseNow Techs., Inc.*,
2025 WL 2308483 (N.D. Cal. Aug. 11, 2025) .......... 7

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 4

*Turner v. Nuance Commc'ns, Inc.*,
735 F. Supp. 3d 1169 (N.D. Cal. 2024) .......... 7

*Williams v. Facebook, Inc.*,
498 F. Supp. 3d 1189 (N.D. Cal. 2019)........................................................................ 12

*Wilson v. Google LLC*,
2025 WL 901941 (N.D. Cal. Mar. 25, 2025) .................................................................. 7

*Wooten v. BioLife Plasma Servs. L.P.*,
807 F. Supp. 3d 1139 (E.D. Cal. 2025) ........................................................................ 5

**STATUTES**

18 U.S.C. § 2510 ........................................................................................................ 2, 8, 9

18 U.S.C. § 2511(2)(d) ...................................................................................................... 2

42 U.S.C. § 1320d-6 .......................................................................................................... 3

Cal. Penal Code § 502(c)............................................................................................. 11, 12

Cal. Penal Code § 502(e)(1) ............................................................................................. 11

**RULES**

Federal Rule of Civil Procedure 9(b) ................................................................................ 1

**REGULATIONS**

45 C.F.R. § 164.508............................................................................................................ 2

## I. INTRODUCTION

This case arises out of Defendant Lean Rx, Inc. ("LeanRx" or "Defendant") – a provider of prescription weight-loss drugs to consumers – surreptitiously embedding and integrating tracking technologies into its website to help co-Defendants Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") intercept patients' sensitive and confidential medical communications and prescription drug purchases with Defendant via www.skinnyrx.com (the "Website"). Patients, including Plaintiff Anna Buchholz ("Plaintiff") did not consent to Defendant's conduct.

"[F]ew subject areas [are] more personal and more likely to implicate privacy interests than that of one's health[.]" *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1269 (9th Cir. 1998). And yet, when patients like Plaintiff completed a medical intake questionnaire and ordered prescription weight-loss drugs on the Website, their answers, and the "prescription drug names" they ordered were "disclosed to Facebook and Google," along with their "first and last names, email addresses, and other digital identifiers." ECF No. 1, Complaint ("Compl.") ¶¶ 1, 109. Defendant LeanRx moves to dismiss Plaintiff's various state and federal privacy law claims, raising arguments that this Court, along with others, have largely rejected in other substantially similar cases involving the use of tracking pixels on medical websites. *See, e.g., L.B. v. LinkedIn Corp.*, 2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) (Davila, J.); *accord* in *Doe v. GoodRx Holdings, Inc.*, 2025 WL 2052302 (N.D. Cal. July 22, 2025) ("GoodRx") and *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778 (N.D. Cal. 2022). The Complaint at issue here pleads the factual details this Court in *L.B.* said were needed to plausibly allege the privacy claims at issue here, and Defendant does not proffer any good reason why the Court should depart from its own precedent or the well-reasoned opinions of many other courts. For these reasons, LeanRx's motion to dismiss ("MTD" or "Motion") should be denied.[1]

[1] Although LeanRx purports to bring its Motion pursuant to Federal Rule of Civil Procedure 9(b) and references Rule 9(b) in its Standard of Review section, MTD at 4, LeanRx's Motion does not make an argument pursuant to Rule 9(b). In any event, Plaintiff's privacy claims do not sound in fraud, so Rule 9(b) does not apply.

## II. ARGUMENT

### A. Plaintiff States a Claim Under the Electronic Communications Privacy Act

***Defendant's consent argument ignores HIPAA's authorization requirements for protected health information.*** LeanRx argues that Plaintiff cannot maintain an Electronic Communications Privacy Act ("ECPA") claim under 18 U.S.C. § 2510, *et seq.* because "Plaintiff consented to disclose information to LeanRx." MTD at 5. But consenting to share information with your doctor for the purpose of getting a medication is not the same as consenting to the doctor sharing that same information with Google and Meta for marketing purposes.

And under the ECPA, the one-party consent exception does not apply, where, as here, LeanRx's interception is done "for the purpose of committing any criminal or tortious act in violation of the… laws of the United States." 18 U.S.C. § 2511(2)(d). Here, Plaintiff alleges LeanRx's subsequent disclosure of Google and Meta to be a criminal act in violation of HIPAA. Compl. ¶ 142.

HIPAA does not say consenting to speak with a medical provider gives the provider carte blanche to use or share that data with companies like Google or Meta to engage in targeted advertising. Rather, HIPAA states that "a covered entity must obtain a[] [second, separate] authorization for any use or disclosure of protected health information for marketing." 45 C.F.R. § 164.508. And LeanRx never obtained this second, separate authorization. Indeed, the U.S. Department of Health and Human Services has expressly warned medical providers that "***disclosures of PHI to tracking technology vendors for marketing purposes, without individuals' HIPAA-compliant authorizations, would constitute impermissible disclosures***." Compl. ¶ 107 (citations omitted); *see also* Compl. ¶¶ 106-114 (FTC and HHS Pronouncements).

***HIPAA is a well-established ECPA crime-tort predicate.*** Defendant argues that the ECPA crime-tort exception does not apply because "Plaintiff identifies no such criminal or tortious purpose in her Complaint." MTD at 5. Defendant is mistaken. Here, Plaintiff alleges that Defendants intercepted these communications "for the purpose of committing a criminal or tortious act in violation of … HIPAA," along with various other state statutes. Compl. ¶ 142; *see also id.* ¶¶ 104-114 (explaining why Defendants' interception violates the HIPAA prohibition against disclosing private health information), 150 (violation of CMIA), 175-180 (invasion of privacy); MTD at 15

(conceding that "HIPAA violations may give rise to a host of causes of action…"). Numerous courts within the Ninth Circuit have "den[ied] motion[s] to dismiss ECPA claim[s] where plaintiffs 'plausibly allege[d] that [defendant] intercepted data to violate HIPAA' using Meta [and Google's] Pixel[s]" *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 849 (E.D. Cal. 2025) (collecting cases, holding that a healthcare website's use of both the Meta and Google tracking pixels satisfied the crime-tort exception); *accord R.C. v. Walgreen Co*., 733 F. Supp. 3d 876, 901 (C.D. Cal. 2024) (same); *R.S. v. Prime Healthcare Servs., Inc.*, 2025 WL 103488, at *5 (C.D. Cal. Jan. 13, 2025) (same); *Ramirez v. LasikMD USA, Inc.*, 2026 WL 194855, at *3 (S.D. Cal. Jan. 26, 2026) (same); *Castillo v. Costco Wholesale Corp.*, 2024 WL 4785136, at *5 (W.D. Wash. Nov. 14, 2024) (same). Of note, one of Defendant's cited cases denied a motion to dismiss an ECPA claim based on the crime-tort exception. *See Krzyzek v. OpenX Techs., Inc.*, 817 F. Supp. 3d 857 (N.D. Cal. 2026) (Denying motion to dismiss ECPA claim based on "crime-tort exception" where "plaintiffs adequately alleged invasion of privacy").

***The act of disclosure is distinct from the act of interception.*** HIPAA prohibits LeanRx from "disclos[ing] individually identifiable health information to another person," 42 U.S.C. § 1320d-6, and the *act of disclosing* medical information is separate and independent from the act of *interception*. As the court in *Prime Healthcare* explains, Plaintiff "does not allege that [defendant]'s interception *itself* violated HIPAA." 2025 WL 103488, at *6 (emphasis in original). Rather, Plaintiff alleges it is the "intentional *disclosure* of the collected Private Information, which constitutes a 'further impropriety' independent and separate from Prime Healthcare's *interception.*" 2025 WL 103488, at *6 (emphasis in original). Here, Plaintiff alleges that "Defendants intercepted… *and unlawfully disclosed* Plaintiff's and Class Members' PII and PHI to Facebook and Google." Compl. ¶ 138 (emphasis added). "Defendant LeanRx's conduct violated 42 U.S.C. § 1320d-6 [HIPAA]…. [because it]… *disclosed* individually identifiable health information to Defendants Facebook and Google." *Id.* ¶ 148 (emphasis added).

Indeed, in *Sussman v. Am. Broad. Companies, Inc.*, the Ninth Circuit implicitly recognized the distinction between interception and disclosure, when it noted that the lawful act of "news gathering" was not the same as the "unlawful or tortious purpose [of] airing private intimate

conduct." 186 F.3d 1200, 1202 (9th Cir. 1999). As such, this Court should follow "the weight of authority[, which holds] that an alleged violation of HIPAA can constitute an independent act for purposes of ECPA's crime-tort exception." *B.N. v. Oregon Reprod. Med., LLC*, 2026 WL 915343, at *3 (D. Or. Apr. 3, 2026) (citation omitted). Defendant's cited cases are distinguishable, as, apart from *B.K. v. Eisenhower Med. Ctr.*, none deal with the alleged disclosure of medical information in violation of HIPAA. Instead, the cases involved ordinary commercial tracking where the only alleged "purpose" was generating advertising revenue from non-sensitive browsing data rather than a criminal or tortious purpose. *See Katz-Lacabe v. Oracle America, Inc.*, 2024 WL 1471299, at *1 (N.D. Cal. Apr. 3, 2024) (involving the tracking of web browsing and other activity); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1115 (S.D. Cal. 2023) (involving the creation and dissemination of chat transcripts concerning "questions about products, order issues, help with the site, etc."); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *3 (N.D. Cal. May 21, 2021) (intercepting commercial app activity). *B.K. v. Eisenhower Med. Ctr.*, is distinguishable because there "Plaintiffs fail to allege any specificity as to what medical information was allegedly disclosed or when it was disclosed." 721 F. Supp. 3d 1056, 1064 (C.D. Cal. 2024). In contrast, here, Plaintiff alleges LeanRx "*unlawfully disclosed* Plaintiff's and Class Members' PII and PHI to Facebook and Google" in violation of HIPAA. Compl. ¶ 138 (emphasis added).

### B. Plaintiff Has Article III Standing to Bring Claims Under CIPA

LeanRx argues "Plaintiff lacks standing to bring her CIPA claims, and this Court thus lacks subject matter jurisdiction, because the Complaint does not establish that she suffered an injury in fact." MTD at 6. Conspicuously, neither Google nor Meta raise this same argument. It is wrong.

The Supreme Court holds that the "disclosure of private information" is an "injur[y] with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," and confers Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). As such, the Supreme Court in *TransUnion* held that "the 1,853 class members whose [credit] reports were disseminated to third parties suffered a concrete injury in fact under Article III." *Id.* at 433. Likewise here, Plaintiff alleges that LeanRx disclosed her private health information with Google and Meta. Compl., ¶ 142. "The unauthorized disclosure of personally identifiable, confidential

medical information is a sufficiently concrete and particularized harm for standing." *Ramirez v. LasikMD USA, Inc.*, 2026 WL 194855, at *2 (S.D. Cal. Jan. 26, 2026). LeanRx fails to cite a single case that holds otherwise.

LeanRx's reliance on *Wooten v. BioLife Plasma Servs. L.P.* 807 F. Supp. 3d 1139 (E.D. Cal. 2025) completely misses the mark. In *Wooten*, "plaintiffs allege a one-time collection of their IP and email addresses, *but they do not allege that the third-party trackers collected any other 'embarrassing, invasive, or otherwise private information.*'" *Id*. at 1145 (emphasis added). Here, in contrast, "Defendant [LeanRx] installed various tracking technologies on the Website to permit Facebook and Google to intercept, in real time, *which specific prescription drugs Website visitors were purchasing on the Website*." Compl. ¶ 2 (emphasis added); *see also* Compl. ¶¶ 1, 13-15, 29, 47, 68-86, 109. *Wooten* is further distinguishable because there, the plaintiffs alleged only that the trackers had the "capability" to use their data and did not "specifically allege that they were subject to any such targeted advertising." 807 F. Supp. 3d at 1145. Critically, here, Plaintiff does not rest on mere capability. She alleges that the trackers unlawfully intercepted her PII and PHI and that she in fact received targeted weight-loss and hormone treatment advertisements after ordering Semaglutide. Compl. ¶ 11.

### C. Plaintiff States a Claim for Violation of CIPA § 631

LeanRx argues that Plaintiff fails to "plausibly allege [an underlying third-party] violation under either the first or second clause" of CIPA section 631(a) and thereby cannot support an allegation that LeanRx has violated the fourth clause's prohibition against "aid[ing], agree[ing] with, employ[ing], or conspir[ing] with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section[.]" *See* MTD at 10-11. Not so. Plaintiff plausibly alleges that Google and Meta are third-party eavesdroppers who attempted to read Plaintiff's communications with LeanRx in real time while the communications were in transit.

***Google and Meta attempted to read or learn Plaintiff's communications in real-time***. Relying on *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1117 (N.D. Cal. 2025), LeanRx argues "that any 'reading' of data 'indisputably takes place after the communication has already traveled from the website visitor to the website operator.'" MTD at 11. But that is question of fact

that Judge Chhabria decided at summary judgment, after technical discovery showed "that event data is transmitted to Meta about 0.2 seconds after the visitor's action is transmitted to the website." *Eating Recovery,* 806 F. Supp. 3d at 1117. No such discovery has taken place here. As Judge Tigar noted, "whether communications are 'read' in transit or only after storage is a fact-intensive question that depends on how the challenged technology and processes actually work—a question [Google's cited cases] decided only after a full evidentiary record at summary judgment." *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1092 (N.D. Cal. 2025).

Indeed, the very same tracking pixel can be configured in different ways on different websites, leading to different results at summary judgment. *Compare Frasco v. Flo Health, Inc.*, 2025 WL 1476905, at *1 (N.D. Cal. May 22, 2025) (denying Meta's motion for summary judgment on the issue of "whether Meta's interception occurred while the communications were 'in transit.'") *with Eating Recovery*, 806 F. Supp. 3d at 1117 (granting Meta's motion for summary judgment on the same issue). As such, Defendants' arguments raise a "factual dispute [] better left for summary judgment." *Riganian*, 791 F. Supp. 3d at 1092 (denying motion to dismiss). Plaintiff here alleges that these transmissions occurred "contemporaneously," "instantaneously," and "in real time." Compl. ¶¶ 43, 52, 87, 91, 99-100. Given that the technology here involves web browsers that send thousands of bits of data in tenths of a second, there is nothing implausible about those allegations. Recognizing this, a number of courts have held that "merely intercepting the communication while it's being made is enough, as long as the interception happens simultaneously or near-simultaneously." *Eating Recovery*, 806 F. Supp. 3d at 1116 (*citing Heerde v. Learfield Commc'ns, LLC*, 741 F. Supp. 3d 849, 860 (C.D. Cal. 2024) and *Esparza v. UAG Escondido A1 Inc.*, 2024 WL 559241, at *3 (S.D. Cal. Feb. 12, 2024)).

***Google and Meta are third-party eavesdroppers.*** LeanRx, relying on *Graham v. Noom*, 533 F. Supp. 3d 823, 832–33 (N.D. Cal. 2021), argues that, under an agency framework, "when a vendor acts within the scope of its contractually delegated authority, its conduct is legally the website's own—and a party cannot eavesdrop on its own communications." MTD at 11. But this fails both as a matter of law and as a matter of fact.

As a matter of law, the majority of courts in this District, including this Court, "follow a different line of cases," *L.B.*, 2025 WL 2899514, at *14, led by *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023). This line of cases finds that "*Graham* incorrectly interpreted the statute," *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1183 (N.D. Cal. 2024), and "reject[] [its] interpretation of Section 631 because it adds requirements about the 'intentions and usage of the prospective third party' that are not present in Section 631's second clause, and it would make the third clause (penalizing 'use') superfluous." *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1002 (N.D. Cal. 2024); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 745 (N.D. Cal. 2023); *Taylor v. ConverseNow Techs., Inc.*, 2025 WL 2308483, at *4 (N.D. Cal. Aug. 11, 2025).

Second, even if *Graham* were correct, it is factually distinguishable. In *Graham*, the court found that a software-vendor acted as merely a "tool" and not as a "third-party" because it only allowed the website to "record and analyze its own data," and there were "no allegations ... that [the vendor] intercepted and used the data itself." 533 F. Supp. 3d at 832. Here, in contrast, Plaintiff alleges that "Google intercepted and used her personal information for its own advertising services." *Wilson v. Google LLC*, 2025 WL 901941, at *5 (N.D. Cal. Mar. 25, 2025) (distinguishing *Graham*). Here, as there, "Google continued to receive, analyze, and use [Plaintiff's] information for its *own purposes*, including marketing and data analytics." Compl. ¶ 20 (emphasis added). Indeed, Google's own Privacy and Terms say it "uses the information shared by sites and apps to… personalize content and ads you see on Google." *Id*. at ¶ 59; *see also id*. ¶¶ 2-3, 11, 13, 15, 18, 20, 50-52, 59-62 (detailing how, through its Pixel, Meta accessed Plaintiff's sensitive PII and PHI and profited from that accessed data through the sale of targeted advertising). A number of courts, including this one, have distinguished *Graham* on identical grounds. *L.B.*, 2025 WL 2899514, at *15; *Wilson*, 2025 WL 901941, at *5; *Jackson v. LinkedIn Corp.*, 744 F. Supp. 3d 986, 994 (N.D. Cal. 2024) (distinguishing *Graham* because vendor was alleged to have "received this sensitive data and read and used it for its own marketing services."); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 944, n.8 (N.D. Cal. 2023) (because "Oracle combines and sells information in its Data Marketplace, it appears that Defendant's products cannot be properly analogized to the tools in [*Graham v.*] *Noom.*").

**D. Plaintiff States a Claim for Violation of CIPA § 632**

Defendant argues that Plaintiff's CIPA section 632 claim fails for two reasons. First, Defendant argues that Google's—and presumably Meta's—trackers are not "electronic amplifying or recording device[s]" under CIPA. MTD at 12. Second, LeanRx argues that Plaintiff's CIPA section 632 claim fails because she does not plausibly allege that the intercepted communications were "'confidential' within the meaning of the statute." *See* MTD at 14-15; *id*. at 15 ("California appeals courts have generally found that Internet-based communications are not 'confidential' within the meaning of [S]ection 632") (citation omitted). Defendant is mistaken on both counts.

***The Google and Meta's Tracking Pixels are "Devices" under 18 U.S.C. § 2510(5) and CIPA § 632.*** Other courts interpreting the ECPA have held that such tracking "Pixel[s] transmit[] 'electronic communications' through the use of 'devices.' And plaintiffs' internet communications on their healthcare providers' websites appear to fall squarely within the statutory definitions." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 796; *accord Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1080 (N.D. Cal. 2023) (agreeing with other courts that "hold that servers or software qualify as 'devices' under the ECPA" and holding "that the *Pixel software is a device under section 632(a)*.") (emphasis added).

Defendants' only argument to the contrary relies on decisions interpreting the term "electronic tracking device" under *a different statute*, CIPA section 637.7. But this Court already distinguished those very same section 637.7 cases as "ha[ving] no bearing on the issue" of whether tracking pixels are a device under CIPA section 632. *L.B*., 2025 WL 2899514, at *17; *accord Doe v. Meta*, 690 F. Supp. 3d at 1080 (same).

As this Court highlighted, section 637.7(d) defines "''electronic tracking device' [to] mean[] any device attached to a vehicle or other movable thing.'" *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 192 (N.D. Cal. 2019) (quoting provision). Given that "'vehicle' precedes (and thus modifies) 'other moveable thing,'" in the section 637.7(d) definition, this Court reasoned that "'other moveable things' refers to things like boats, planes, or other comparable motorized machines." *Id*. at 195. Yet neither the ECPA nor CIPA section 632(a) have such textual limitations. Rather, the ECPA defines "'electronic, mechanical, or other device'[to] mean[] any device or apparatus which can be

used to intercept a wire, oral, or electronic communication," 18 U.S.C. § 2510(5), and CIPA § 632(a) simply refers to "electronic amplifying or recording device."

As another court summarized, "section 637.7(d)'s text explicitly restricts its definition of 'electronic *tracking* device' (emphasis added) to… one that can be 'attached to a vehicle or other movable thing' which evinces the statute's emphasis on proscribing physical tracking devices." *Tate v. VITAS Healthcare Corp.*, 762 F. Supp. 3d 949, 957-58 (E.D. Cal. 2025). But the ECPA and "Section 632(a)… lacks any language suggesting that an 'electronic … device' must be physical in nature. Relying on the more specific text of section 637.7(d) to inform [these other sections and statutes] is misguided, given section 637.7(d)'s explicit focus on tangible devices." *Id*. at 958.

As such, this Court should find that co-Defendants' "Pixel[s]… fall squarely within the statutory definition[]… [of] 'device'" under "18 U.S.C. §[] 2510 (5)," *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 796, and CIPA § 632(a), *L.B.*, 2025 WL 2899514, at *17.

***Plaintiff's communications with LeanRx were confidential under CIPA § 632.*** At the outset, there is no presumption that internet-based communications are not confidential. *See Brown v. Google LLC*, 685 F. Supp. 3d 909, 938 (N.D. Cal. 2023) ("California courts have never recognized a legal 'presumption' that internet communications are not confidential under Section 632."); *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1199 (N.D. Cal. 2024) (same). A communication is confidential under section 632 if a party "has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 41 P. 3d 575, 582 (Cal. 2002). The proper inquiry "is whether 'any party to the communication desires it to be confined to the parties thereto.'" *Brown*, 685 F. Supp. 3d at 938 (*citing* CIPA § 632(c)).

Here, Plaintiff clearly and repeatedly alleged that she reasonably expected her communications with the SkinnyRx website to remain confidential. That LeanRx's intake process contemplated review by "a licensed clinician," Compl. ¶ 29, does not defeat that expectation. Consenting to have one's own medical provider review an intake form is not consent to have a name-matched prescription purchase transmitted to Google and Meta for advertising purposes—especially when that provider holds itself out as being "HIPAA compliant." *See* Compl. ¶¶ 99-102, 104 ("On the bottom footer of the Website, Defendant LeanRx claims to be 'HIPPA compliant.'"); 146; *id*. ¶¶

11, 13-14, 105, 178 ("By failing to receive the requisite consent, Defendant LeanRx breached its duties of confidentiality and unlawfully disclosed Plaintiff's personally-identifiable information ("PII") and protected health information ("PHI")"). Additionally, courts have routinely recognized communications to be "confidential" under CIPA section 632 when shown to be sensitive under applicable laws, regulations, or industry norms. *See, e.g., In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 799 (finding communications concerned PHI were confidential); *Smith v. Google LLC*, 735 F. Supp. 3d at 1199–1200 ("[T]he cases Google relies on involved internet chats and emails, not sensitive financial information submitted to a tax preparation website. … Google intercepted communications that were confidential under Section 632."). Nowhere is this more apparent than in the context of medical information. *See GoodRx*, 2025 WL 2052302, at *14 ("Plaintiffs' interactions with the GoodRx platform – by seeking discounts on specific prescriptions, seeking treatment for specific conditions, and disclosing symptoms – constitute confidential communications.") (collecting cases); *see also Norman-Bloodsaw*, 135 F.3d at 1269 ("One can think of few subject areas more personal and more likely to implicate privacy interests than that of one's health or genetic make-up."). Here, Plaintiff clearly alleges that information at hand is medical information. *See* Compl. ¶¶ 13-15, 29, 47, 68-86, 109. Individuals have a reasonable expectation that companies will not disclose their PHI. *See GoodRx*, 2025 WL 2052302, at *14.

Defendant's cited authorities are inapplicable, as none of Defendant's cases concern the interception of medical information. *See Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (concerning inquiries about items of clothing on a retail website);*Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) (involving the scanning of messages sent on Facebook); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d at 737 (concerning chat conversation on a retail website). As this Court has already decided, "[w]hile internet-based communications are generally not 'confidential' for purposes of Section 632, '[c]ommunications made in the context of a patient–medical provider relationship are readily distinguishable from online communications in general.'" *L.B.*, 2025 WL 2899514, at *18 (quoting *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 799).

### E. Plaintiff States a Claim for Violation of the CDAFA

CDAFA creates liability where a person: "(2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, . . ."; "(3) Knowingly and without permission uses or causes to be used computer services[]"; "(4) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs…"; "(7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network[]"; or "(8) Knowingly introduces any computer contaminant into any computer, computer system, or computer network." Cal. Penal Code § 502(c)(2)–(4), (6)–(8). Here, Defendant violated CDAFA by knowingly accessing Plaintiff's device without her permission by installing the Facebook Pixel and Google Trackers, which transmitted Plaintiff's PII and PHI to Defendants Meta and Google, Compl. ¶¶ 2-3, 11, 13, 15, who knowingly used the intercepted data unjustly to enrich themselves at Plaintiff's expense. *Id.* ¶¶ 18, 20, 50-52, 59-62.

LeanRx argues that Plaintiff fails to allege "damage or loss" as required by Cal. Penal Code § 502(e)(1). *See* MTD at 16 ("The Complaint fails to allege this crucial element"). Defendant is wrong. "By installing these tracking technologies on its Website for the purpose for improving its own targeted advertising efforts, Defendant LeanRx aided, employed, agreed with, and/or conspired with Defendants Facebook and Google and other third-party vendors to intercept communications sent and received by Plaintiff and Class Members, including communications containing protected medical information." Compl. ¶ 3. Judge Lin, in *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002, at *3 (N.D. Cal. Aug. 4, 2025), denied a motion to dismiss a CDAFA claim, finding that "Plaintiffs are damaged by not having received a share of the allegedly unjust profits generated from their data. . . [the defendant's] alleged unjust profit from the use of Plaintiffs' private personal information, which holds at least some financial value to [the defendant], plausibly constitutes a 'damage or loss' within the meaning of CDAFA." *Accord Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 945 (S.D. Cal. 2024); *Brown v. Google LLC*, 685 F. Supp. 3d at 940; *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1047–49 (S.D. Cal. 2023) (sustaining CDAFA claim based on collection of geolocation data). The same result should follow here.

Further, "Courts recognize depletion of battery and computing resources as acceptable forms of damage or loss for the purposes of a CDAFA claim." *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1110 (N.D. Cal. 2025) (*citing Williams v. Facebook, Inc.*, 498 F. Supp. 3d 1189, 1199 (N.D. Cal. 2019)). Plaintiff alleges Defendants' "Trackers usurp the normal operation of Plaintiff's and California Subclass' computing devices because they supplant Plaintiff's and California Subclass' choices in how those devices and *their resources are used*." Compl. ¶ 165 (emphasis added).

LeanRx further argues that Plaintiff's CDAFA claim fails because Plaintiff did not allege that: (1) LeanRx circumvented a technical barrier to Plaintiff's device, MTD at 15; and (2) LeanRx added, altered, damaged, deleted, or destroyed any data or computer program, MTD at 17. LeanRx is mistaken.

First, numerous courts in the Ninth Circuit have rejected Defendant's argument that the "without permission" language of section 502(c)(3) and (7) requires allegations that Defendant circumvented technical or code-based barriers to access Plaintiff's device, including *Greenley*, 684 F. Supp. 3d at 1049 ("The plain meaning of 'without permission' does not require the circumvention of computer barriers. Code hidden in embedded software may plausibly use or take computer data 'without permission.'"); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1098–101 (N.D. Cal. 2015). Here, the Facebook Pixel transmitted Plaintiff's PII and PHI to Defendant without her knowledge or consent. Compl. ¶¶ 2-3, 11, 13, 15; *see also Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1075 (N.D. Cal. 2021) (same).

Second, Plaintiff has sufficiently pled that, LeanRx owns and operates the Website and "LeanRx has incorporated the Defendants Facebook and Google Trackers' code into the code of its Website, including when Plaintiff and Class Members visited the Website. Thus, when Plaintiff visited the Website, *the Website caused the Facebook Pixel and the Google Trackers (collectively, the "Trackers") to be installed on Plaintiff's and other users' browsers*." Compl. ¶ 33 (emphasis added); *id*. ¶¶ 2-3, 30-36. At this stage in the litigation, this suffices. This case is analogous to *Greenley*, 684 F. Supp. 3d at 1047–49, where the court found that an SDK developer that embedded its SDK into third-party applications and used it to extract user geolocation data violated the CDAFA.

### F. Plaintiff States a Claim for Invasion of Privacy

LeanRx argues that Plaintiff has not alleged the three elements of a claim for invasion of privacy, namely: "(1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) highly offensive conduct by [LeanRx] that amounts to a serious invasion of the protected privacy interest." MTD at 18. LeanRx is wrong.

Plaintiff properly alleges each element of her invasion of privacy claim. "Our nation recognizes the importance of privacy in general and health information in particular: the safekeeping of this sensitive information is enshrined under state and federal law." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 783. Individuals have a "legally protected privacy interest" in private "physical and mental health information." *Doe v. Beard*, 63 F. Supp. 3d 1159, 1170 (C.D. Cal. 2014) (denying motion to dismiss claim for breach of privacy in violation of the California Constitution for disclosure of HIV-positive status). Further, this Court has already dealt squarely with these issues in *L.B. v. LinkedIn*. There is no reason for the Court to decide this case differently. In *L.B.*, plaintiffs alleged that LinkedIn received PII and private health information—including a health survey—from ReflexMD, "an online healthcare operator that offers Semaglutide prescriptions." 2025 WL 2899514, at *6. Plaintiffs were "providing personal information in search of medical services. This could at least support a reasonable expectation that this information will be kept confidential." *Id*. at *18; *id*. at *19 ("[T]he Court finds Plaintiffs have sufficiently pled a protected privacy interest and reasonable expectation of privacy."); *In re Google RTB Consumer Priv. Litig.*, 606 F.Supp.3d 935, 946-47 (N.D. Cal. 2022) ("[P]laintiff[] would [not] reasonably expect that [defendant] would use its access to [plaintiff's] personal information to share . . . it to third parties").

As to the highly offensive element, in a case involving the sharing of "medically-related data," this Court also found "this issue is also inappropriate to resolve at the pleadings stage" because it is an issue of fact. *L.B.,* 2025 WL 2899514*,* at *20; *accord Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1139 (E.D. Cal. 2021); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1157 (N.D. Cal. 2021). The Ninth Circuit held that this determination "requires a holistic consideration of factors" and raises "an issue that cannot be resolved at the pleading stage." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). Here, Defendant's conduct in secretly

disclosing, by allowing the interception and collection of, Plaintiff's and Class Members' PII and healthcare information is an egregious breach of social norms and is highly offensive to a reasonable person. *See* Compl. ¶¶ 13-15, 29, 47, 68-86, 109.

## III. CONCLUSION

For the foregoing reasons, LeanRx's motion to dismiss should be denied.

Dated: May 29, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: <u>/s/ *Daniel S. Guerra*</u>

L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
dguerra@bursor.com
sbogdanovich@bursor.com

*Attorneys for Plaintiff and the Putative Class*