**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
dguerra@bursor.com
sbogdanovich@bursor.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNA BUCHHOLZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEAN RX, INC., META PLATFORMS, INC., and GOOGLE LLC,<br><br>Defendants. | Case No. 5:26-cv-00846-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND META PLATFORMS, INC.'S JOINDER**<br><br>Date: September 10, 2026<br>Time: 9:00 a.m.<br>Location: Courtroom 4—5th Floor<br>Judge: Hon. Edward J. Davila |

**TABLE OF CONTENTS**

**PAGE(S)**


I. INTRODUCTION ........ 1

II. RELEVANT BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

A. Defendants' Arguments Fail at the Threshold Because There Is No Arbitration Agreement to Enforce. ........ 4

B. Even If an Enforceable Agreement Existed, Equitable Estoppel Does Not Reach Plaintiff's Independent Statutory Claims. ........ 5

1. Plaintiff's claims are not "intertwined" with the Terms; they arise from independent statutory duties. ........ 5

2. The Privacy Policy Is Not Incorporated Into the Terms. ........ 7

3. Plaintiff's concerted-misconduct allegations are not "founded in" the contract's obligations. ........ 9

4. The equities—the doctrine's entire foundation—cut against Defendants. ........ 10

5. Google's district-court authorities do not change the analysis. ........ 11

C. No Stay Is Warranted. ........ 12

1. The mandatory FAA Section 3 stay applies only if arbitration is compelled. ........ 12

2. A discretionary stay is unwarranted and would prejudice Plaintiff and the class. ........ 12

D. At Minimum, Any Ruling for Defendants Must Await Resolution of the Contested Formation Dispute. ........ 13

V. CONCLUSION ........ 13

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) ........ 3

*Atkins v. Amplitude, Inc.*,
2025 WL 2521732 (N.D. Cal. Sept. 2, 2025) ........ 10, 11

*Berman v. Freedom Fin. Network, LLC*,
30 F.4th 849 (9th Cir. 2022) ........ 1, 3, 4

*Calhoun v. Google, LLC*,
113 F.4th 1141 (9th Cir. 2024) ........ 7

*Chabolla v. ClassPass Inc.*,
129 F.4th 1147 (9th Cir. 2025) ........ 1, 5

*Crestline Mobile Homes Mfg. Co. v. Pac. Fin. Corp.*,
54 Cal.2d 773 (1960) ........ 4

*Crowley Mar. Corp. v. Boston Old Colony Ins. Co.*,
70 Cal.Rptr.3d 605 (2008) ........ 4

*DVD Copy Control Ass'n v. Kaleidescape, Inc.*,
176 Cal. App. 4th 697 (2009) ........ 7

*Ford Motor Warranty Cases*,
17 Cal. 5th 1122 (2025) ........ 1, 5, 7, 10

*GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*,
590 U.S. 432 (2020) ........ 4

*Goldman v. KPMG, LLP*,
173 Cal. App. 4th 209 (2009) ........ 2, 5, 9, 10

*Harris v. iHeartMedia, Inc.*,
2026 WL 194576 (N.D. Cal. Jan. 6, 2026) ........ 8

*In re Henson*,
869 F.3d 1052 (9th Cir. 2017) ........ passim

*In re Holl*,
925 F.3d 1076 (9th Cir. 2019) ........ 8

*In re Pac. Fertility Ctr. Litig.*,
2019 WL 2635539 (N.D. Cal. June 27, 2019) ........ 4

*Johnson v. Beyond, Inc.*,
2026 WL 1076039 (E.D. Cal. Apr. 21, 2026) ........ 11

*Knutson v. Sirius XM Radio Inc.*,
771 F.3d 559 (9th Cir. 2014) ........ 3

*Kramer v. Toyota Motor Corp.*,
705 F.3d 1122 (9th Cir. 2013) ........ 2, 5, 6, 7

*L.W.A. v. LinkedIn Corp.*,
2025 WL 2780788 (N.D. Cal. Sept. 30, 2025) ........ 10, 11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ........ 12

*Mundi v. Union Sec. Life Ins. Co.*,
555 F.3d 1042 (9th Cir. 2009) ........ 3

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) ........ 5, 9

*Nguyen v. Barnes & Noble Inc.*,
763 F.3d 1171 (9th Cir. 2014) ........ 5

*Perry-Hudson v. Twilio, Inc.*,
2024 WL 4933332 (N.D. Cal. Dec. 2, 2024) ........ 10, 11

*Rajagopalan v. NoteWorld, LLC*,
718 F.3d 844 (9th Cir. 2013) ........ 6

*Smith v. Spizzirri*,
601 U.S. 472 (2024) ........ 12

*Wilson v. Hatch Bank*,
2024 WL 1355492 (S.D. Cal. Mar. 29, 2024) ........ 8

**STATUTES**

9 U.S.C. § 3 ........ 12

18 U.S.C. § 2511 ........ 3

Cal. Civ. Code § 1654 ........ 9

Cal. Const. art. 1, § 1 ........ 3

Cal. Penal Code § 502 ........ 3

Cal. Penal Code §§ 631, 632 ........ 3

## I. INTRODUCTION

Neither Google LLC ("Google") nor Meta Platforms, Inc. ("Meta") (together with Google, the "Defendants") are parties to or are third-party beneficiaries of SkinnyRx.com's Terms & Conditions (the "Terms"), ECF No. 51-3. Yet they seek to invoke the arbitration clause in someone else's contract through equitable estoppel—and, by the express terms of Google's own motion which Meta joins, only "[i]f the Court grants defendant Lean Rx, Inc.'s motion to compel arbitration." ECF No. 63, Google's Motion to Compel Arbitration and Stay Proceedings (the "Motion") at 1; ECF No. 64, Meta's Joinder in Support of Google LLC's Motion to Compel Arbitration and Stay Proceedings (the "Joinder") at 1 ("The arguments in support of Google's Motion apply equally to Meta."). Defendants' requests are therefore wholly derivative: they rise or fall with LeanRx, Inc.'s ("LeanRx") pending motion to compel arbitration and stay proceedings (ECF No. 51).

Because Plaintiff never agreed to Skinnyrx.com's terms for the reasons already briefed in her opposition to LeanRx's predicate motion, *see* ECF No. 55, (the "Opposition"), Google derivative motion and Meta's joinder fail at the threshold. Plaintiff was not on notice of and never unambiguously manifested assent to the terms containing the arbitration clause Defendants now seek to borrow. *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856–58 (9th Cir. 2022); *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1158 (9th Cir. 2025). If there is no enforceable arbitration agreement between Plaintiff and LeanRx, there is nothing for Defendants to estop Plaintiff into.

Even if the Court were to find a valid agreement—it should not—equitable estoppel would not reach Plaintiff's claims against the Defendants. The equitable estoppel argument Defendants raise is governed by California law, and last year, the California Supreme Court unanimously held that a non-signatory cannot compel arbitration through equitable estoppel where the plaintiff's claims rest on independent statutory or other legal duties rather than the terms of the contract containing the arbitration clause. *Ford Motor Warranty Cases*, 17 Cal. 5th 1122, 1138 (2025) ("[P]laintiffs' claims flow not from the contracts but from separate statutory requirements and conventional fraud theories. They are not intimately founded in and intertwined with the contractual terms."). That decision controls here and forecloses on Defendants' position.

Equitable estoppel is a narrow doctrine that prevents a plaintiff from relying on a contract to make her case while disclaiming the contract's arbitration clause. *See Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 219–21 (2009); *id*. at 220 ("In other words, a signatory to an agreement with an arbitration clause cannot have it both ways; the signatory cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory.") (internal quotation marks omitted); *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128–29 (9th Cir. 2013). But here, Plaintiff's claims do not rely on the Terms at all. She sues the Defendants under independent statutory and constitutional privacy duties—the federal Wiretap Act, the California Invasion of Privacy Act, the California Comprehensive Computer Data Access and Fraud Act, and the California Constitution—none of which depends on the existence or substance of the Terms. Here, as in other cases where courts have rejected such equitable estoppel arguments, "[n]one of [plaintiff's privacy] allegations rely on the [skinnyrx.com terms] or attempt to seek any benefit from its terms." *In re Henson*, 869 F.3d 1052, 1061 (9th Cir. 2017).

Google's contrary theory—that Plaintiff's claims are "intertwined" because she must prove she did not consent—inverts the law. That Google may raise consent as an affirmative defense does not transform Plaintiff's statutory claims into contract claims, and a defendant's anticipated defense cannot supply the estoppel that the plaintiff's own claims do not. The district-court orders Google relies upon are non-binding, rest on facts not present here, and cannot displace binding Ninth Circuit authority in *In re Henson* and *Kramer*. Google's fallback request for a discretionary stay is likewise contingent on a LeanRx arbitration that has not been ordered and would prejudice Plaintiff and the putative class. The motion should be denied in its entirety.

## II. RELEVANT BACKGROUND

Plaintiff Anna Buchholz ("Plaintiff") alleges that LeanRx, which operates the SkinnyRx website to sell prescription weight-loss medications, embedded third-party tracking technologies—including trackers from Google and Meta—that intercepted and transmitted her sensitive personal and medical information to Google and Meta in real time, without her knowledge or consent. ECF No. 1, Compl. ¶¶ 2–3, 11, 13, 33–35, 69. She brings claims against Defendants under the Electronic

Communications Privacy Act ("ECPA") (18 U.S.C. § 2511 et seq.), the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code §§ 631, 632), the California Comprehensive Computer Data Access and Fraud Act ("CDAFA") (Cal. Penal Code § 502), and Article I, Section 1 of the California Constitution. *Id*. ¶¶ 126–169. Plaintiff alleges she "did not authorize Defendants to acquire the content of [her] communications" and "did not consent to any of Defendants' actions." *Id*. ¶¶ 148, 157.

Defendants are not parties to the Terms and have no arbitration agreements of their own with Plaintiff. After LeanRx moved to compel arbitration (ECF No. 51) and Plaintiff opposed (ECF No. 55), Google moved to compel arbitration of Plaintiff's claims against it solely "on the basis of equitable estoppel," and only in the event the Court first compels arbitration as to LeanRx. Motion at 1. Google separately seeks, in the alternative, a discretionary stay pending any LeanRx arbitration. *Id*. at 10–11. Meta has joined Google's motion, adopting Google's equitable-estoppel arguments in full and seeking to compel arbitration of the claims against it and a stay of all proceedings; in the alternative, it asks the Court to stay the claims against it pending any LeanRx arbitration. ECF No. 64. Because Meta, like Google, is a non-signatory invoking only equitable estoppel—and likewise rests on the premise that the SkinnyRx Privacy Policy is "incorporated" into the Terms—the arguments below defeat its Joinder for the same reasons they defeat Google's Motion, and Plaintiff opposes both.

## III. LEGAL STANDARD

Arbitration "is a matter of contract," and a party "cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *In re Henson*, 869 F.3d at 1059 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). Whether the parties formed an agreement to arbitrate is governed by ordinary state-law contract principles. *Berman*, 30 F.4th at 855. Under California law, "the party seeking to compel arbitration [] has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). And the "policy favoring arbitration does not apply to disputes the parties have not agreed to arbitrate." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042,

1045 (9th Cir. 2009) (quoting *Crowley Mar. Corp. v. Boston Old Colony Ins. Co.,* 70 Cal.Rptr.3d 605, 611 (2008)).

And where a defendant seeks to compel arbitration under an equitable estoppel, the added "burden to establish that arbitration is proper under such circumstances is firmly on the non-signatory." *In re Pac. Fertility Ctr. Litig.*, 2019 WL 2635539, at *4 (N.D. Cal. June 27, 2019) (citing *Crestline Mobile Homes Mfg. Co. v. Pac. Fin. Corp.*, 54 Cal.2d 773, 778 (1960)). The Federal Arbitration Act does not itself authorize non-signatories to compel arbitration; it permits them to do so only to the extent the relevant state law would. *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 437–39 (2020). California law applies, and California courts permit non-signatories to invoke arbitration agreements under the doctrine of equitable estoppel only "in limited circumstances." *In re Henson*, 869 F.3d at 1060. None of those circumstances apply here.

## IV. ARGUMENT

### A. Defendants' Arguments Fail at the Threshold Because There Is No Arbitration Agreement to Enforce.

Equitable estoppel allows a non-signatory to, under limited circumstances, enforce an existing, valid arbitration agreement against a signatory; it cannot create an agreement that was never formed. By its own terms, Google's Motion presupposes that "the Court grants defendant Lean Rx, Inc.'s motion to compel arbitration." Motion at 1. That predicate does not exist. As Plaintiff has explained in opposing LeanRx's motion, Plaintiff was not on notice of and never unambiguously manifested assent to the Terms or the arbitration clause buried within them. *See* ECF No. 55 at 6–24.

Those reasons are incorporated here by reference. In short: the "Continue" buttons LeanRx relies on never explicitly advised Plaintiff that clicking would constitute agreement to any terms, and an action "can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act . . . will constitute assent." *Berman*, 30 F.4th at 857. The checkbox Plaintiff did click referred only to medical "consents and acknowledgements," not to the separate Terms & Conditions page containing the arbitration clause. *See* ECF No. 55 at 17–18. And LeanRx's reliance

on Plaintiff's bare "use" of the website is a discredited browsewrap theory the Ninth Circuit rejected long ago. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176–79 (9th Cir. 2014); *Chabolla*, 129 F.4th at 1154.

Defendants cannot leapfrog that unresolved, contested threshold. A non-signatory's estoppel argument is incumbent on a valid underlying agreement; where formation itself is in dispute, the non-signatory's derivative motion cannot be granted. The Court should deny Google's Motion and Meta's Joinder for the same reasons it should deny LeanRx's motion, because the absence of an enforceable arbitration agreement is dispositive.

### B. Even If an Enforceable Agreement Existed, Equitable Estoppel Does Not Reach Plaintiff's Independent Statutory Claims.

Should the Court reach the merits, equitable estoppel does not apply. Under California law, a non-signatory may compel arbitration only where (1) the signatory's claims are "intimately founded in and intertwined with" the underlying contract, or (2) the signatory alleges substantially interdependent and concerted misconduct that is itself "founded in or intimately connected with the obligations of the underlying agreement." *Goldman*, 173 Cal. App. 4th at 218–19; *accord In re Henson*, 869 F.3d at 1060. Defendants satisfy neither prong.

#### *1. Plaintiff's claims are not "intertwined" with the Terms; they arise from independent statutory duties.*

The intertwined-claims prong turns on a single issue: whether plaintiff's claims rely on the Terms to establish liability. *Goldman*, 173 Cal. App. 4th at 221; *Kramer*, 705 F.3d at 1128–29. "[M]erely making reference to an agreement with an arbitration clause is not enough." *In re Henson*, 869 F.3d at 1060 (quoting *Goldman*). "Equitable estoppel is inapplicable where a plaintiff's allegations reveal no claim of any violation of any duty, obligation, term or condition imposed by the" contract. *Id*. (*quoting Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1230 (9th Cir. 2013)) (internal quotation marks omitted). The California Supreme Court confirmed as much in the *Ford Motor Warranty Cases*: a non-signatory cannot invoke equitable estoppel where, as here, Defendants "seek[] to invoke an arbitration clause in a dispute flowing, not from the contract where the arbitration clause appears, but from obligations imposed by statute or conventional fraud duties." 17

Cal. 5th at 1126. Because California law governs whether a non-signatory may compel arbitration, *Ford* controls the governing principle—that claims resting on independent statutory duties are not intertwined with the contract, and forecloses Defendants' theory. Plaintiff's wiretap and privacy claims arise from statutory and constitutional duties, not from the Terms.

*In re Henson* is directly on point and controls. There, Verizon subscribers sued an internet-advertising "middle man" for using "zombie" cookies to track them without consent. 869 F.3d at 1056–57. There, the non-signatory defendant sought to compel arbitration under the subscribers' Verizon customer agreement. The Ninth Circuit held equitable estoppel inapplicable because the plaintiffs' claims rested on independent statutory and tort duties, not the contract. *Id*. at 1061 ("None of these allegations rely on the Customer Agreement or attempt to seek any benefit from its terms. Further, … [the] statute "allows [plaintiffs] to sue [defendant] for its allegedly deceptive acts and practices regardless whether [they] signed a Customer Agreement.") (internal citation omitted). This follows other Ninth Circuit decisions reaching the same conclusion in other similar contexts. *See id.* [1] So too here, none of Plaintiff's claims rely on the Terms. She does not sue Defendants for breaching that purported contract or for violating any duty it created. She sues Defendants for violating ECPA, CIPA, CDAFA, and the California Constitution—duties that exist independent of, and would apply in the absence of, the Terms. Compl. ¶¶ 126–169. Just as in *Kramer*, where the Ninth Circuit rejected an equitable estoppel argument, here, the elements of each claim are supplied by statute, not by the Terms, and a court could adjudicate whether Defendants intentionally intercepted the contents of Plaintiff's communications without consent without construing a single provision of the Terms. That is the hallmark of claims that are not intertwined. *Kramer*, 705 F.3d at 1130–33.

Defendants' argument to the contrary rests on a logical inversion. Defendants contend the claims are intertwined because Plaintiff must prove she did not consent, and SkinnyRx's Privacy Policy "memorialize[s] her consent." Motion at 5–6. But consent is a statutory element Plaintiff

[1] So too in *Kramer*, where the Ninth Circuit "expressly rejected [defendant's] argument that the plaintiffs' claims were necessarily based on the Purchase Agreements merely because the lawsuit was predicated on the bare fact that a vehicle purchase occurred." *In re Henson*, 869 F.3d at 1060 (summarizing its decision in *Kramer*); *accord Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013) (no estoppel where the plaintiff "has statutory claims that are separate from the contract itself") (internal quotation marks omitted).

pleads, not a contract term she invokes, and the intertwined-claims inquiry looks to the plaintiff's claims as pleaded—not to the defendant's anticipated defenses. *Kramer* bars equitable estoppel where the plaintiff's claims "arose independently of the terms of the agreements" and would exist even "absent a Purchase Agreement" explaining that a "consumer who paid cash would still state a claim[.]" 705 F.3d at 1132. Were the rule otherwise, any defendant could conjure estoppel simply by asserting a contractual defense—a result *In re Henson* and *Kramer* foreclose. It makes no difference whether consent is treated as an element of Plaintiff's statutory claims (as Defendants' contend) or as an affirmative defense (as the Ninth Circuit *holds*, *see Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024)): either way, the question is whether Plaintiff actually authorized the challenged interception under the statutes, not whether any term of the Terms is enforced or construed. That the contract supplied the but-for occasion for the parties' dealings does not make Plaintiff's statutory claims "intimately founded in" it. *See Ford Motor Warranty Cases*, 17 Cal. 5th at 1136 ("However, this but-for cause only explains how plaintiffs acquired ownership. As the cases enforcing estoppel make clear, in determining whether plaintiffs are estopped from suing Ford, the essential concern is whether plaintiffs are trying to enforce contractual terms beneficial to them while avoiding their own contractual agreement to arbitrate."). Plaintiff, moreover, alleges the Privacy Policy did not disclose, and that she did not agree to, the specific interceptions she challenges. Compl. ¶¶ 13, 148, 157. A plaintiff who alleges the purported contract did not authorize the challenged conduct is not relying on the contract; she is alleging that—to the extent any purported contract existed—the conduct occurred outside it.

### *2. The Privacy Policy Is Not Incorporated Into the Terms.*

Defendants' theory also fails for an independent reason that does not depend on the formation dispute: even assuming Plaintiff assented to the Terms—she did not—the Privacy Policy on which Defendants' argument rests is not incorporated into them. Under California law, a separate document is incorporated into a contract only where the reference to it is "clear and unequivocal," the reference is called to the party's attention and she consents to it, and the incorporated terms are known or readily available. *DVD Copy Control Ass'n v. Kaleidescape, Inc.*, 176 Cal. App. 4th 697, 713 (2009);

*see also In re Holl*, 925 F.3d 1076, 1084 (9th Cir. 2019) ("Where it is clear that a party is assenting to a contract that incorporates other documents by reference, the incorporation is valid—and the terms of the incorporated document are binding—s*o long as the incorporation is clear and unequivocal*, the reference [is] called to the attention of the other party and he [ ] consent[s] thereto, and the terms of the incorporated document [are] known or easily available to the contracting parties.") (emphasis added, internal quotation marks omitted).

The Terms themselves illustrate this method of incorporation. The second paragraph of the Terms purports to expressly bind the user to other materials—explicitly advising that, under certain circumstances, the user agrees to review and be bound by supplementary terms. Terms at 1 ("In using certain parts of the Services, you may be presented with additional or supplementary terms regarding the use of those specific Services, and you agree to review and be bound by such additional terms."). In contrast, the Terms refer to the Privacy Policy exactly once: "Privacy. Please review our Privacy Policy available at https://skinnyrx.com/privacy for information about how we collect and use your personal information." *Id*. at 2. This is an informational, hortatory reference, not a clear and unequivocal statement that the Privacy Policy's terms are made part of the contract. It does not state that the Privacy Policy is "incorporated," is "part of these Terms," "governs," or that the user "agrees to" or is "bound by" it. As other courts have held, "notices [that] simply instructed the user to 'review' the terms" is *not* the kind of language that would "indicate that the user was assenting to the terms of service by continuing." *Harris v. iHeartMedia, Inc.*, 2026 WL 194576, at *4 (N.D. Cal. Jan. 6, 2026).[2]

The supplementary terms provision shows that LeanRx thus knew how to *clearly and unequivocally* incorporate documents by reference when it intended to—LeanRx simply chose to use markedly weaker language to purportedly incorporate the Privacy Policy by reference. Any doubt

[2] Google's reliance on *In re Holl* and *Wilson v. Hatch Bank* is misplaced; both turned on incorporating language materially stronger than the bare "please review … for information" reference here. In *In re Holl*, the incorporation used "clear language" stating that the terms "are expressly incorporated," and that "the user expressly acknowledges having 'reviewed, understood and agree[d] to the' [terms]." 925 F.3d at 1084. And *Wilson*, a non-binding district-court decision, found incorporation where a user "select[ed] the click-box, which state[d] 'I agree to the Terms of Service, E-Sign Consent, and Privacy Policy.'" 2024 WL 1355492, at *4 (S.D. Cal. Mar. 29, 2024). Such *clear and unequivocal* incorporations by reference are precisely what are missing in this case.

whether the reference was "clear and unequivocal" must be resolved against LeanRx as the drafter. Cal. Civ. Code § 1654. Because the Privacy Policy is not incorporated, it is not part of "the underlying agreement" containing the arbitration clause, and Google's contention that Plaintiff's claims are "intertwined" with the Privacy Policy fails at its factual premise. This defect is fatal to Meta as well. Meta's Joinder rests expressly on "the incorporated SkinnyRx Privacy Policy," Joinder at 1, so the absence of any clear and unequivocal incorporation independently defeats Meta's theory for the same reason it defeats Google's.

***3. Plaintiff's concerted-misconduct allegations are not "founded in" the contract's obligations.***

Google's second-prong argument fails for the related reason that the alleged interdependent misconduct is not "founded in or intimately connected with the obligations of the underlying agreement." *Goldman*, 173 Cal. App. 4th at 219. As the Ninth Circuit has held, "[m]ere 'allegations of substantially interdependent and concerted misconduct'" between a signatory and non-signatory, "'standing alone, are not enough: the allegations … must be founded in or intimately connected with the obligations of the'" contract. *In re Henson*, 869 F.3d at 1061 (*quoting Goldman*). "Even where a plaintiff alleges collusion, 'the *sine qua non* for allowing a nonsignatory to enforce an arbitration clause based on equitable estoppel is that the claims the plaintiff asserts against the nonsignatory are dependent on or inextricably bound up with the contractual obligations of the agreement containing the arbitration clause.'" *Id*. (*quoting Murphy*, 724 F.3d at 1231) (emphasis in original).

The conduct Plaintiff alleges—a scheme to intercept and exploit her communications in violation of the wiretap and privacy statutes—is not founded in any obligation of the Terms. The Terms impose no obligations on Defendants at all, and the alleged wrongdoing is conduct the Terms neither required nor authorized. That the Trackers and the SkinnyRx website are functionally interdependent as a technical matter (Motion at 7–8) describes how the alleged interception worked; it does not show that the misconduct is founded in contractual obligations. Conflating operational interdependence with contractual dependence is precisely the error *Goldman* and *In re Henson* warn against. Because the concerted-misconduct allegations are not connected to the obligations of the agreement, the second prong is not met. The same is true of Meta, which points to the Facebook-

Pixel allegations. *See* Joinder at 1 (citing Compl. ¶¶ 43, 51, 71–73, 83). Those paragraphs likewise describe how the alleged interception functioned, not any obligation imposed by the Terms; and Meta, whose only alleged connection to the SkinnyRx website is the Pixel, is just as much a remote stranger to the contract as Google.

#### ***4. The equities—the doctrine's entire foundation—cut against Defendants.***

"[T]he linchpin for equitable estoppel is equity—fairness." *Goldman*, 173 Cal. App. 4th at 220. The doctrine exists to prevent a plaintiff from "hav[ing] it both ways"—suing a non-signatory "under the terms of the agreement containing the arbitration clause, but ignor[ing] the arbitration requirement because" the defendant is a non-signatory. *In re Henson*, 869 F.3d at 1060. The estoppel analysis assumes a valid agreement arguendo; even so, the equities defeat it. There is no such inequity here. Plaintiff does not rely on the SkinnyRx Terms to establish her claims; she disputes that she was on notice of or ever unambiguously manifested assent to the Terms and seeks no benefit under them. And unlike the plaintiffs in *Perry-Hudson v. Twilio, Inc.*, 2024 WL 4933332 (N.D. Cal. Dec. 2, 2024), *Atkins v. Amplitude, Inc.*, 2025 WL 2521732 (N.D. Cal. Sept. 2, 2025), and *L.W.A. v. LinkedIn Corp.*, 2025 WL 2780788 (N.D. Cal. Sept. 30, 2025), Plaintiff did not sue only the non-signatory in an effort to evade arbitration—she named LeanRx as a defendant. A plaintiff who derives nothing from a contract, and who has not attempted to plead around it, is not "having it both ways" by litigating independent statutory claims in court. *In re Henson*, 869 F.3d at 1060. Defendants never obtained an arbitration agreement from Plaintiff, and equity will not supply one for them. That remoteness is dispositive of the equities. In *Ford Motor Warranty Cases*, the California Supreme Court distinguished the decisions that have permitted non-signatory estoppel on the ground that they involved a preexisting or layered contractual relationship between the non-signatory and a signatory—a relationship absent here. 17 Cal. 5th at 1133. Defendants are more remote strangers to the SkinnyRx contract than the manufacturer the court turned away in *Ford*: they are not parties, assignees, agents, alter egos, or third-party beneficiaries of the Terms, but merely third-party recipients of data. Equity does not permit such strangers to commandeer LeanRx's arbitration

clause.[3]

**5. *Google's district-court authorities do not change the analysis.***

Each is distinguishable in two dispositive respects. First, in *Perry-Hudson*, *Atkins*, and *L.W.A.*, the plaintiff sued only the non-signatory vendor and did not name the signatory website operator. That fact drove each result: the courts invoked the anti-evasion rationale that a plaintiff should not be able to "skirt [her] agreement" by "suing only" the vendor. *Perry-Hudson*, 2024 WL 4933332, at *3. Here, Plaintiff did sue the signatory—LeanRx is a named defendant—so there is no evasion to remedy. Second, in each of those cases a validly formed arbitration agreement was undisputed or affirmatively found: the *Perry-Hudson* plaintiff conceded assent and abandoned any formation challenge, 2024 WL 4933332, at 2 & n.1; the *Atkins* plaintiffs contested only unconscionability and delegation, not formation, 2025 WL 2521732, at *3–4, and the intertwined holding there rested on DoorDash's Privacy Policy being "expressly incorporated into DoorDash's Terms & Conditions—the broader agreement containing the arbitration provision," *id*. at *3, unlike the SkinnyRx Privacy Policy here (*see supra* Part IV.B.1.a); and in *L.W.A.* this Court found the Noom flow gave reasonably conspicuous notice and unambiguous assent before reaching estoppel, 2025 WL 2780788, at *2–4. Here, by contrast, formation is contested and, as briefed in Plaintiff's Opposition, the SkinnyRx flow did not give the explicit advisement *Berman* requires. *Johnson v. Beyond, Inc.*, 2026 WL 1076039 (E.D. Cal. Apr. 21, 2026), is a non-binding order that, by Google's own account, turned on a Privacy Policy the plaintiff "consented to," Motion at 6—again presupposing both a formed agreement and incorporation by reference that are absent here. To the extent any of these orders can be read to compel arbitration of independent statutory privacy claims against non-signatories whose victim sued the signatories and disputes formation, they conflict with *In re Henson* and *Kramer*, cannot be reconciled with the California Supreme Court's controlling decision in *Ford Motor Warranty Cases*, and are in any event distinguishable for the reasons given.

[3] Nor can Defendants satisfy the traditional elements of equitable estoppel. Outside of the arbitration context, estoppel requires detrimental reliance—conduct by one party that induced another, to its detriment, to act. Defendants do not identify any representation by Plaintiff on which they detrimentally relied, and there is none. Because Defendants can show no detrimental reliance, estoppel fails under traditional principles as well.

**C. No Stay Is Warranted.**

***1. The mandatory FAA Section 3 stay applies only if arbitration is compelled.***

Google's argument that Section 3 of the FAA "requires" a stay (Motion at 9–10) assumes the Court first compels arbitration of the claims against Google. Section 3 stays a proceeding pending arbitration "in accordance with the terms of [an] agreement," and *Smith v. Spizzirri* confirms that a stay is mandatory only "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay." 601 U.S. 472, 478 (2024). Because Plaintiff's claims against Defendants are not arbitrable for the reasons above, Section 3 does not apply. *See* 9 U.S.C. § 3.

***2. A discretionary stay is unwarranted and would prejudice Plaintiff and the class.***

Google's alternative request to stay the claims against it pending any LeanRx arbitration (Motion at 10–11) should also be denied. As an initial matter, the request is contingent on an arbitration that has not been ordered; if LeanRx's motion is denied, there will be no arbitration to await, and the request is moot.

Even if the Court compelled LeanRx to arbitrate, a discretionary stay of the claims against Defendants is not warranted. A court's discretion to stay litigation against non-arbitrating parties is just that—discretionary—and is not exercised reflexively. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983). The efficiency and consistency rationales Google invokes are overstated. A confidential, individual arbitration between Plaintiff and LeanRx would resolve LeanRx's liability under LeanRx's theories; it would not bind Google, would not bind this Court, would not bind other unnamed putative class members, and would have no preclusive effect on Plaintiff's distinct statutory claims against a non-party to the arbitration. The risk of "inconsistent results" is therefore minimal, because the two proceedings would adjudicate different parties' conduct under different legal standards. Meta has since joined Google's motion, seeking to compel arbitration of the claims against it on the same equitable-estoppel theory—a theory that fails as to both non-signatories for the reasons given above. If the Court compels LeanRx but declines to compel Google and Meta, the statutory claims against both will remain before this Court, and staying them pending a separate, individual arbitration between Plaintiff and LeanRx would halt the bulk of

this litigation while resolving none of the claims against the parties that actually received Plaintiff's data.

The prejudice from a stay, by contrast, is concrete. Arbitration of an individual claim can take many months or years; during that time, evidence concerning Google's data practices may be lost, witnesses' memories fade, and the conduct Plaintiff alleges may continue as to the putative class. Plaintiff and the class have a strong interest in proceeding without indefinite delay against a defendant that has not agreed to arbitrate anything. On balance, the discretionary factors favor allowing the claims against Google to proceed.

### D. At Minimum, Any Ruling for Defendants Must Await Resolution of the Contested Formation Dispute.

If the Court is nonetheless inclined to find that equitable estoppel could apply, it should not—and on this record cannot—grant Google's Motion which Meta joins while the predicate formation question remains genuinely disputed. Because Google's estoppel theory cannot be adjudicated before the existence of an enforceable agreement is established, the Court should at a minimum deny Google's motion without prejudice pending resolution of the formation dispute on LeanRx's motion, including any discovery or evidentiary hearing the Court orders, rather than compel arbitration on an unresolved record.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Google's Motion and Meta's Joinder, in their entirety. They fail at the threshold because no arbitration agreement was formed; they fail on the merits because equitable estoppel does not reach Plaintiff's independent statutory claims; and no stay—mandatory or discretionary—is warranted.

Dated: June 30, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ *Daniel S. Guerra*

L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)

Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
dguerra@bursor.com
sbogdanovich@bursor.com

*Attorneys for Plaintiff and the Putative Class*